FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAR 16 A 9: 21

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| ELSIE S. SHARP, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-3289 |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Elsie Shanta Sharp brings this action against Defendants Federal National Mortgage Association ("Fannie Mae") and Mortgage Electronic Registration Systems, Inc. ("MERS"), alleging fraud, breach of contract, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). All of Plaintiff's allegations arise from a foreclosure action on Plaintiff's former property. *See* ECF No. 1. This Memorandum Opinion addresses Defendants' Motion to Dismiss (ECF No. 8) and Plaintiff's Motion for a Temporary Restraining Order (ECF No. 15). A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Motion for a Temporary Restraining Order is DENIED.

### I. BACKGROUND

Elsie Shanta Sharp, also known as Elsie S. Stevenson, ECF No. 1-2, challenges the foreclosure of the property located at 14110 Kydan Court, Brandywine, MD 20613 ("Property") by Fannie Mae and MERS, ECF No. 1 ¶¶ 1–8. Sharp signed a promissory note ("Note") and

1

Deed of Trust ("DOT") for the Property in the amount of $384,200.00. ECF No. 1 ¶ 29; ECF No. 8-2.[1] First Chesapeake Home Mortgage, LLC was the original lender of the Note and trustee of the DOT. ECF No. 1 ¶ 31. The DOT identifies MERS as the "nominee" for the lender as beneficiary of the DOT. ECF No. 8-2 at 1. Fannie Mae is the owner of the Note and Nationstar Mortgage, LLC is the servicer for Fannie Mae. ECF No. 8-3 at 42; ECF No. 1 ¶ 33.

On January 11, 2013, a Substitution of Trustee was recorded in the Official Records for Prince George's County as instrument number 34279.560, with Nationstar Mortgage, LLC assigning all beneficial interest within the DOT to Howard N. Bierman, Jacob Geesing, and Carrie M. Ward. ECF No. 1 ¶ 113. Bierman, Ward, and Geesing filed a notice of foreclosure action with the Circuit Court for Prince George's County, Maryland ("Circuit Court"). ECF No. 8-3. On January 27, 2016, the Circuit Court denied six motions by Sharp that challenged the foreclosure action, finding that Sharp "failed to state a valid defense or present a meritorious argument." ECF No. 15, Ex. 2. On February 1, 2016, the Circuit Court sent an eviction notice to Sharp notifying her that the court entered a judgment awarding possession of the property to Fannie Mae. ECF No. 15, Ex. 1.

## II.    DEFENDANTS' MOTION TO DISMISS

### A. Standard of Review

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon when relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] Courts are generally not allowed "to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). "However, there are limited circumstances in which the court may consider extrinsic documents in the context of a motion to dismiss," including "documents 'attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When assessing a motion to dismiss, courts refer to the pleading requirements of Rule 8(a)(2) to determine if the complaint adequately states a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55, 127 S. Ct. 1955 (2007). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A well-pleaded complaint may proceed even if the "actual proof of those facts is improbable and recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted). For a motion to dismiss, judges are required to assess "the sufficiency of the complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. That showing must consist of more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. "In evaluating the complaint, unsupported legal allegations need not be accepted." *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Similarly, "[l]egal conclusions couched as factual allegations are insufficient as are conclusory factual allegations devoid of any reference to actual events." *Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, No. DKC 14-2376, 2015 U.S. Dist. LEXIS 91689, at *13–14 (D. Md. July 15, 2015) (internal citations omitted). If the "well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct," the complaint has not shown "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "While federal courts must liberally construe a pro se litigant's claims, this requirement 'does not transform the court into an advocate.'" *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM 14-3836, 2015 U.S. Dist. LEXIS 110622, at *7 (D. Md. Aug. 20, 2015) (quoting *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012)).

### B. Plaintiff's Complaint fails to state a claim

Plaintiff's primary argument is that the substitution of trustee is improper because her home loan was securitized by "originating lender banks to investment banks." ECF No. 1 ¶¶ 18–19. However, this Court has repeatedly rejected the notion that the securitization of a loan renders a note or deed of trust unenforceable. *See Lawson v. MERS, Inc.*, No. 8:13-cv-02149-AW, 2013 U.S. Dist. LEXIS 117548, at *7 (D. Md. Aug. 20, 2013) ("Judges in this District, including this Court, have repeatedly rejected the notion that, as a general matter, the securization of notes renders them unenforceable."); *Reed v. PNC Mortg.*, No. AW-13-1536, 2013 U.S. Dist. LEXIS 93343, at *7 (D. Md. July 2, 2013) ("Even assuming that his loan was securitized, Plaintiff has presented no basis for the Court to declare the deed of trust invalid or unenforceable."); *Parker v. Deutsche Bank Nat'l Trust Co.*, No. WMN-12-3358, 2013 U.S. Dist. LEXIS 48029, at *7 (D. Md. Apr. 3, 2013) ("This Court has previously noted that courts, addressing challenges to MERS similar to those raised here, have consistently found that 'the system of recordation is proper and assignments made through that system are valid.'").

Furthermore, Plaintiff's Complaint is replete with allegations but does not include any facts to allow the Court to find that there are facts to support a finding that Defendants caused a harm nor that Plaintiff is entitled to relief. Specifically, Plaintiff seeks to have the Court determine "the validity of the DOT as to any unrecorded assignees over a period of years," ECF

No. 1 ¶ 42, and find that the substitution of trustee is void and unenforceable under the DOT, ECF No. 1 at 19–20. Plaintiff alleges that the Defendants "intentionally concealed the negative implications of the loan they were offering, and as a result, Plaintiff faces the potential of losing her home to the very entity and entities who placed her in this position." ECF No. 1 ¶¶ 27–28. Additionally, Plaintiff argues that the foreclosure is improper because "the debt or obligation evidenced by the Note executed by Plaintiff in favor of the Originator, was not properly transferred and endorsed to any of the named Defendants." ECF No. 1 ¶ 38. "While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted). Because Plaintiff has failed to assert facts upon which relief can be granted, Defendants' Motion to Dismiss is GRANTED.

### C. Plaintiff's claim is barred by res judicata

Defendants' Motion to Dismiss should also be denied because Plaintiff's claim is barred by res judicata. Under Maryland law, res judicata applies to a lawsuit when: "(1) the two actions involve either the same parties or persons in privity with those parties; (2) the claim presented is either identical to, or is such that it could have been resolved, in the earlier dispute; and (3) there was a prior final adjudication on the merits." *Wheatley v. Cohn*, No. GLR-13-3850, 2014 U.S. Dist. LEXIS 73596, at *10 (D. Md. May 30, 2014). "The Fourth Circuit has emphasized that the privity requirement of res judicata simply denotes a relationship between the party of record and the non-party close enough to render the latter bound by the prior litigation." *Beck v. CKD Praha Holding, A.S.*, 999 F. Supp. 652, 656 (D. Md. 1998) (citing *United States v. Manning Coal Corp.*, 977 F.2d 117, 121 (4th Cir. 1992)). The key inquiry when determining privity is whether

the relationship between the party and the non-party is close enough that the former adequately represents the interests of the latter. *Beck v. CKD Praha Holding, A.S.*, 999 F. Supp. at 656 (citations omitted).

Plaintiff's Complaint "focuses on two primary allegations: (1) that the Note and Deed of Trust have been separated and transferred; (2) and that no assignment of the Deed of Trust was recorded." ECF No. 15 at 2. As noted by Defendants, the "underlying foreclosure action involved the same property and loan currently at issue in the present action. None of Plaintiff's allegations in the instant Complaint occurred after the entry of the Order ratifying the sale, and there is no reason why Plaintiff could not have raised and adjudicated her alleged claims in the Foreclosure Action." ECF No. 8-1 at 6. Under the transaction test, "claims are considered a part of the same cause of action when they arise out of the same transaction or series of transactions." *Anyanwutaku v. Fleet Mortg. Grp.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000). Plaintiff was a party to the foreclosure action and had an opportunity to raise her claims there. Under Maryland law, "the final ratification of the sale of property in foreclosure proceedings is res judicata as to the validity of such sale, except in case of extrinsic fraud or illegality." *Theune v. U.S. Bank, N.A.*, No. MJG-13-1015, 2014 U.S. Dist. LEXIS 106245, at *19 (D. Md. Aug. 1, 2014) (quoting *Ed Jacobsen, Jr., Inc. v. Barrick*, 252 Md. 507, 250 A.2d 646, 648 (1969)). Plaintiff has not adequately alleged any fraud or illegality that prevented fair proceedings in the foreclosure action. Defendants are in privity with the plaintiffs of the foreclosure action, as the plaintiffs in the foreclosure action represented the interests of the Defendants here and the Defendants would have been bound by an adverse decision. Accordingly, res judicata applies.[2]

---

[2] Plaintiff requests that the Court give her leave to amend her Complaint, so that she may "allege sufficient facts" and "more properly set forth her various cause of actions." ECF No. 11 at 1–3. However, any amendment would be futile because the action is barred by res judicata. *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (stating that a motion to amend should be denied when the amendment would be futile).

### III. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff requests that the Court issue a temporary restraining order ("TRO") to stop and prevent a writ of possession on the Property. ECF No. 15 at 2. The Court finds that Plaintiff has not demonstrated that she is entitled to a TRO. The purpose of a TRO "is to 'protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits.'" *Fowler v. Wells Fargo Home Mortg., Inc.*, No. GJH-15-1084, 2015 U.S. Dist. LEXIS 63076, at *6 (D. Md. May 13, 2015) (quoting *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003)). "The grant of a TRO or a preliminary injunction is an 'extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Id.* at *6–7 (quoting *Dewhurst v. Cty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011)). A plaintiff seeking a TRO must establish "[1] that he is likely to succeed on the merits; [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365 (2008)). As discussed above, Plaintiff has not demonstrated a likelihood of success on the merits. Indeed, her case is being dismissed. Plaintiff's Motion for a Temporary Restraining Order is DENIED.

### IV. CONCLUSION

For the reasons discussed, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED and Plaintiff's Motion for a Temporary Restraining Order (ECF No. 15) is DENIED. A separate Order shall follow.

Dated: March 16, 2016

GEORGE J. HAZEL
United States District Judge